**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIEL HERNANDEZ, | No. C 06-6977 SI (pr) |
| Plaintiff, | **ORDER OF DISMISSAL WITH LEAVE TO AMEND** |
| v. | |
| SANTA CLARA COUNTY SHERIFF'S DEPT.; et al., | |
| Defendants. | |

## INTRODUCTION

Gabriel Hernandez, formerly an inmate at the Santa Clara County Jail and now an inmate at the Kern Valley State Prison, filed this pro se civil rights action under 42 U.S.C. § 1983. His complaint is now before the court for review pursuant to 28 U.S.C. § 1915A. His motion for appointment of counsel and motion to order the defendants to reply also are before the court for consideration.

## BACKGROUND

The complaint concerns events that occurred while Hernandez was housed at the Santa Clara County Jail. The complaint alleges the following:

On January 20, 2005, Hernandez was transported from the Elmwood facility to the Santa Clara County main jail. When he arrived, he was put in a holding cell for protective custody inmates. Shortly thereafter he "was picked, targeted and viciously attacked" by "an inmate (John Doe/attacker/rival enemy/sereneoe/'active gang member')." Complaint, p. 2. Hernandez

sustained unidentified "serious painful injuries." Id. Correctional officers entered the cell and removed the attacking inmate. Hernandez complained frequently and to many people (including his public defender and other people at the courthouse when he was taken there) over the course of the day that he needed medical attention. Despite his repeated demands for immediate care, he did not receive medical attention until the next day. The medical attention that was provided the day after the attack consisted of Motrin and ice packs from a nurse who examined him. Id. at 10.

Later on the day of the attack, he was removed from his cell to be shackled and returned to the Elmwood facility. A correctional officer brought by him the shackled inmate who earlier had attacked him and they came within 4-5 feet of each other. Hernandez moved away and nothing happened.

Hernandez was harassed by a correctional officer on July 22, 2005.

Hernandez was subjected to an "assault and battery" by correctional officer Taylor at the Elmwood facility on December 11, 2005. Id. at 11.

Hernandez was "punished falsely and placed inside a single cell from December 11, 2005 through December 26, 2005." Id. at 11. He was treated with cruel and unusual punishment during that time.

## DISCUSSION

A.   Standards

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. §1915A(a). The court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §1915A(b)(1),(2). A claim that is incomprehensible may be dismissed as frivolous as it is without an arguable basis in law. See Jackson v. Arizona, 885 F.2d 639, 641 (9th Cir. 1989).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that

a right secured by the Constitution or laws of the United States was violated, and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

B.  Analysis Of Complaint

The complaint has several problems and must be amended.

First, Hernandez did not allege whether he was a pretrial detainee or was a convict at the time of the incidents alleged in his complaint. His status matters because it affects the constitutional provision under which his claims arise: a pretrial detainee's claims about conditions of confinement arise under the Fourteenth Amendment's Due Process Clause, while a convict's claims arise under the Eighth Amendment's Cruel and Unusual Punishment Clause. Even though pretrial detainees' claims arise under the Due Process Clause, the Eighth Amendment serves as a benchmark for evaluating those claims. See Carnell v. Grimm, 74 F.3d 977, 979 (9th Cir. 1996) (8th Amendment guarantees provide minimum standard of care for pretrial detainees). The appropriate standard for evaluating constitutional claims brought by pretrial detainees is the same one used to evaluate prisoners' claims under the Eighth Amendment. "The requirement of conduct that amounts to 'deliberate indifference' provides an appropriate balance of the pretrial detainees' right to not be punished with the deference given to prison officials to manage the prisons." Redman v. County of San Diego, 942 F.2d 1435, 1443 (9th Cir. 1991) (en banc) (citation omitted), cert. denied, 502 U.S. 1074 (1992). See, e.g., Carnell, 74 F.3d at 979 (standard of deliberate indifference applicable to pretrial detainees' medical claims); Anderson v. County of Kern, 45 F.3d 1310, 1313 (9th Cir.) (placement of pretrial detainees in safety cells actionable under Due Process Clause only if prison officials act with deliberate indifference), cert. denied, 516 U.S. 916 (1995). In his amended complaint, Hernandez should identify his status at the relevant times.

Second, Hernandez apparently wants to hold jail officials liable for the beating he received from another inmate but his complaint has no allegations indicating a basis to hold them liable. Jailers are not absolute guarantors of inmate safety; the Constitution requires that they

3

1  not act with deliberate indifference to a known risk of harm.  For example, prison officials have
2  a duty to protect prisoners from violence at the hands of other prisoners.  See Farmer v. Brennan,
3  511 U.S. 825, 833 (1994); Hoptowit v. Ray, 682 F.2d 1237, 1250 (9th Cir. 1982); Gillespie v.
4  Civiletti, 629 F.2d 637, 642 & n.3 (9th Cir. 1980).  A prisoner may state a § 1983 claim against
5  prison officials only where the officials acted with "deliberate indifference" to the threat of
6  serious harm or injury to a prisoner by another prisoner, see Berg v. Kincheloe, 794 F.2d 457,
7  459 (9th Cir. 1986).  A prison official is deliberately indifferent if he knows that a prisoner faces
8  a substantial risk of serious harm and disregards that risk by failing to take reasonable measures
9  to abate it.  See Farmer, 511 U.S. at 837, 844.  In his amended complaint, Hernandez may
10 attempt to allege that jail officials knew of a risk of attack by the unknown inmate and acted with
11 deliberate indifference to it.

12         Third, Hernandez appears to be dissatisfied with the response to his request for medical
13 care but his complaint does not state a constitutional claim concerning that response.  The
14 complaint does not identify the injuries sustained and states that the treatment provided for the
15 unidentified injuries the day after the attack consisted of Motrin and an ice pack.  If that was all
16 the care that was needed, it would not appear that the injuries were of an emergency nature such
17 that same-day care was medically necessary.  A one-day delay in medical care would not rise
18 to the level of deliberate indifference to serious medical needs.  To state a claim, the prisoner
19 must show (1) a serious medical need and (2) deliberate indifference to that need by prison
20 officials.  See McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992), overruled on other
21 grounds, WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).  In
22 his amended complaint, Hernandez may attempt to allege that jail officials knew of a serious
23 medical need and acted with deliberate indifference to it.

24         Fourth, the allegations that Hernandez was subjected to verbal harassment do not show
25 a constitutional violation.  Allegations of verbal harassment and abuse fail to state a claim
26 cognizable under 42 U.S.C. § 1983.  See Freeman v. Arpaio, 125 F.3d 732, 738 (9th Cir. 1997);
27 Rutledge v. Arizona Bd. of Regents, 660 F.2d 1345, 1353 (9th Cir. 1981), aff'd sub nom. Kush
28 v. Rutledge, 460 U.S. 719 (1983); see, e.g., Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996),

4

amended 135 F.3d 1318 (9th Cir. 1998) (disrespectful and assaultive comments by prison guard not enough to implicate 8th Amendment); Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987) (directing vulgar language at prisoner does not state constitutional claim); Burton v. Livingston, 791 F.2d 97, 99 (8th Cir. 1986) ("mere words, without more, do not invade a federally protected right"). The harassment claim is dismissed..

Fifth, Hernandez's allegation that he was subjected to an "assault and battery" by correctional officer Taylor is conclusory and must be amended if he wants to attempt to state a claim under § 1983. In evaluating an excessive force claim from a pretrial detainee, the same standard apparently applies as for a claim from a prisoner. "[T]he core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 6-7 (1992); see also id. at 7 (court may evaluate the need for application of force, the relationship between that need and the amount of force used, the extent of any injury inflicted, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response). The "assault and battery" allegation is so devoid of detail that the court cannot determine whether it states a § 1983 claim for excessive force. Hernandez may attempt to cure this in his amended complaint.

Sixth, Hernandez states that he was put in a single cell for 15 days as punishment. Liberally construed, that claim is cognizable as a due process violation. See Bell v. Wolfish, 441 U.S. 520, 535-37 (1979). However, his further allegation that he was treated by other correctional officer with "cruel, unjust punishment" while on single-cell status is too conclusory to state a § 1983 claim for relief against those persons, even if he could identify them.

Seventh, one page of Hernandez's form complaint has a listing of several claims that have no connection to the rest of the complaint, e.g., claim for breach of contract, claim for "prisoner forced to participate in biomedical or behavioral research," and interference with right to obtain judicial review of legality of confinement. Complaint, p. 3. If Hernandez wants to pursue any of those claims, he must allege them in much greater detail and link defendants to such claims in his amended complaint.

5

Eighth, Hernandez has referred to several persons as John Doe defendants. It is permissible to use Doe defendant designations to refer to defendants whose names are unknown to plaintiff in the complaint and any amended complaint.[1] Although the use of Doe defendants is acceptable to withstand dismissal of a complaint at the initial review stage, using Doe defendants creates its own problem: those persons cannot be served with process in this action until they are identified by their real names. The court will not stall this action while plaintiff tries to learn the name of the Doe defendant. Rather, plaintiff must promptly take steps to discover the name of the unnamed defendant and provide that information to the court in an amendment to his pleading. The burden remains on the plaintiff; the court will not undertake to investigate the names and identities of unnamed defendants. If plaintiff has not provided a true name and address for service on any John Doe defendant by **July 6, 2007**, the defendant will be dismissed from the action without prejudice to plaintiff filing a separate action against him if he ever learns his true identity and finds him.

Hernandez must file an amended complaint that sets forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). For each instance of a constitutional violation, he should name each person who violated his constitutional right(s), describe what each person did to violate his right(s), state where the violation occurred, and when the violation occurred.

C.  Pending Motions

Hernandez has filed a motion for appointment of counsel. A district court has discretion under 28 U.S.C. § 1915(e)(1) to designate counsel to represent an indigent civil litigant in exceptional circumstances. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986). This requires evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See

---

[1] If a plaintiff alleges that multiple unknown people violated his constitutional rights, each unknown person must be identified as a separate John Doe, e.g., John Doe #1, John Doe #2, etc. so that eventually each John Doe defendant can be replaced by a separate person when his or her true name becomes known.

6

id. Neither of these factor is dispositive and both must be viewed together before deciding on a request for counsel under section 1915(e)(1). Having considered both of these factors, the court concludes that exceptional circumstances requiring the appointment of counsel are not evident. The motion for appointment of counsel is DENIED. (Docket # 4.)

Hernandez filed a "motion for an order of the defendants to reply." The court does not order the defendants to file an answer or motion unless and until the court has done an initial review under 28 U.S.C. § 1915A and determines the plaintiff's pleading warrants a response. Here, the court's § 1915A review resulted in the determination (expressed in this order) that plaintiff needs to file an amended complaint, so the court will not consider ordering defendants to file an answer or motion until the court reviews the amended complaint under § 1915A. Accordingly, the motion for an order compelling defendants to reply is DENIED. (Docket # 5.)

## CONCLUSION

The complaint is DISMISSED with leave to amend. The amended complaint must be filed no later than **May 11, 2007**. The amended complaint must include the caption and civil case number used in this Order and the words AMENDED COMPLAINT on the first page. Plaintiff is cautioned that his amended complaint must be a complete statement of his claims and will supersede existing pleadings. See London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981) ("a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint.") Failure to timely file the amended complaint will result in the defective claims.

The motions for an order requiring defendants to reply and for appointment of counsel are DENIED. (Docket # 4 and # 5.)

IT IS SO ORDERED.

Dated: April 2, 2007

_____
SUSAN ILLSTON
United States District Judge

7