UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIEL HERNANDEZ, | No. C 06-6977 SI (pr) |
| Plaintiff, | **ORDER OF PARTIAL DISMISSAL AND FOR AMENDMENT** |
| v. | |
| SANTA CLARA COUNTY SHERIFF'S DEPT.; et al., | |
| Defendants. | |

Gabriel Hernandez's complaint alleged that he had been subjected to physical assaults, verbal harassment, and placement in a single cell for two weeks at the Santa Clara County Jail. On April 2, 2007, the court found that the complaint did not state a claim for relief, except as to a due process claim for Hernandez's two-week placement in a single cell. The court ordered Hernandez to file an amended complaint to correct several deficiencies in the complaint. Hernandez did not file an amended complaint and the deadline by which to do so has passed. Therefore, all claims except the due process claim are dismissed without leave to further amend.

One of the problems the court identified in the complaint was the absence of information as to whether Hernandez was a convict or pretrial detainee at the time of the events alleged in the complaint. The absence of information about whether he was a convict or pretrial detainee actually affects whether there is a cognizable due process claim and therefore requires the court to revisit its earlier determination that a due process claim had been adequately alleged. In the original order of dismissal, the court wrote: "Hernandez states that he was put in a single cell for 15 days as punishment. Liberally construed, that claim is cognizable as a due process violation.

See <u>Bell v. Wolfish</u>, 441 U.S. 520, 535-37 (1979)." Order Of Dismissal With Leave To Amend, p. 5. In making that statement, the court had assumed that Hernandez was a pretrial detainee, but it now appears that the assumption should not have been made because the pretrial detainee vs. convict distinction makes a big difference for this particular claim. <u>Bell</u> only applies if Hernandez was a pretrial detainee when he was put in the single cell, as <u>Bell</u> severely limits punishment of pretrial detainees. If, on the other hand, Hernandez was a convict at the relevant time, the applicable standard is the much stricter standard in <u>Sandin v. Conner</u>, 515 U.S. 472, 484 (1995), which requires that the challenged decision cause a deprivation of "real substance," which here would mean the imposition of an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," <u>id.</u> at 484. Fifteen days in a single cell or solitary confinement would not amount to an atypical and significant hardship on a convict. <u>See</u> <u>Sandin</u>, 515 U.S. at 485-86 (30-day disciplinary segregation was not an atypical and significant hardship); <u>Mujahid v. Meyer</u>, 59 F.3d 931, 932 (9th Cir. 1995) (under <u>Sandin</u> no liberty interest when inmate placed in disciplinary segregation for 14 days). The importance of this is that whether a due process claim for relief has been stated depends on whether Hernandez was a pretrial detainees or a convict at the time he was put in the single cell. Hernandez must amend to provide this information.

No later than **January 11, 2008**, Hernandez must file an amendment to the complaint to identify whether he was a pretrial detainee or convict on December 11, 2005, when he was placed in the single cell. The amendment need not be a long document; in fact, it would suffice if it was just a single page labelled "Amendment to Complaint" with the case name and number on it, and on which Hernandez states "I was a _____ on December 11, 2005," inserting "pretrial detainee" or "convict" on the blank line. If he does not file the amendment by the deadline, this action will be dismissed.

IT IS SO ORDERED.

Dated: December 17, 2007

_____
SUSAN ILLSTON
United States District Judge