1

2

3

4

5 UNITED STATES DISTRICT COURT

6 NORTHERN DISTRICT OF CALIFORNIA

7

8 GABRIEL HERNANDEZ,                              No. C 06-6977 SI (pr)

9          Plaintiff,                            **ORDER OF SERVICE**

10     v.

11 SANTA CLARA COUNTY
   SHERIFF'S DEPT.; et al.,
12
              Defendants.
13 _____/

14

15          Gabriel Hernandez, currently an inmate at the Kern Valley State Prison, filed a pro se

16 civil rights action under 42 U.S.C. § 1983 concerning acts and omissions that occurred at the

17 Santa Clara County Jail when he was housed there in 2005.  Upon initial review, the court

18 dismissed the complaint with leave to amend, giving specific guidance as to the deficiencies that

19 needed to be cured.  Order of Dismissal With Leave To Amend, pp. 3-6.  Hernandez did not file

20 an amended complaint by the deadline.  After waiting several more months and receiving

21 nothing from Hernandez, the court then dismissed all the claims in the complaint except a due

22 process claim.  Order Of Partial Dismissal And For Amendment, p. 1.  As to the due process

23 claim, the court explained that Hernandez had to file an amendment to complaint to inform the

24 court whether he was a convict or pretrial detainee, as his status made a difference as to whether

25 the complaint stated a claim for a due process violation.  Id at 2.

26          Hernandez then filed a declaration, a motion for leave to file an amended complaint, and

27 an amendment to complaint on January 14, 2008.  He explained therein that he was a pretrial

28 detainee at the time of the acts and omissions alleged in the complaint.  In his motion for leave

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

to file an amended complaint, Hernandez stated that he was prevented by prison staff at Kern Valley from timely filing the amended complaint and that the staff at Kern Valley was harassing him. It is unclear to the court whether the motion for leave to file an amended complaint pertained to the amendment that he filed with the motion, or was a request to further amend. The motion for leave to amend was unnecessary insofar as it requested permission to file the amendment to the complaint because the court already had ordered Hernandez to file that amendment. If, on the other hand, Hernandez meant that he wanted to further amend, his motion was deficient because a proposed amended complaint was not submitted with the motion or in the six months since the motion was filed.[1] Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely given when justice so requires" but the court cannot make that determination without seeing the proposed new pleading. See Lake v. Arnold, 232 F.3d 360, 374 (3d Cir. 2000) ("Obviously, without this draft complaint, the District Court cannot evaluate the merits of a plaintiff's request . . . [T]he court had nothing upon which to exercise its discretion.") The motion for leave to amend is DENIED without prejudice.

As of now, the operative pleading is the complaint, as amended by the amendment to the complaint. Hernandez has stated a claim for a due process violation based on his placement in a single cell for 15 days as punishment when he was a pretrial detainee at the Elmwood facility of the Santa Clara County jail. Hernandez alleged that he was put in a single cell from December 11, 2005 through December 25, 2005 as punishment by Santa Clara County correction officers Taylor and Hendericks. Complaint, p. 11; see Bell v. Wolfish, 441 U.S. 520, 535-37 (1979). Service of process will be ordered on these two defendants.

---

[1]If Hernandez wants to pursue claims about events at Kern Valley State Prison, he may file a complaint in the proper venue (i.e., the U.S. District Court for the Eastern District of California) after he exhausts administrative remedies. Such claims would not be proper in this action because they would not satisfy the permissive joinder requirements of Federal Rule of Civil Procedure 20. Hernandez also should bear in mind that, to establish a claim for any violation of the right of access to the courts, the prisoner-plaintiff must show that he suffered an actual injury as discussed in Lewis v. Casey, 518 U.S. 343, 350-51 (1996).

For the foregoing reasons,

1.     The complaint states a claim for relief under 42 U.S.C. § 1983 against defendants Taylor and Hendericks for a due process violation.   All other claims and defendants are dismissed.

2.     The clerk shall issue summonses and the United States Marshal shall serve, without prepayment of fees, the summons, a copy of the complaint and a copy of all the documents in the case file upon defendants, all of whom allegedly are employed by the Santa Clara County Department of Corrections and work at the Elmwood facility: (1) correction officer Taylor and (2) correction officer Hendericks.

3.     In order to expedite the resolution of this case, the following briefing schedule for dispositive motions is set:

a.     No later than **September 12, 2008**, defendants must file and serve a motion for summary judgment or other dispositive motion. If defendants are of the opinion that this case cannot be resolved by summary judgment, they must so inform the court prior to the date the motion is due.

b.     Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the court and served upon defendants no later than **October 24, 2008**. Plaintiff must bear in mind the following notice and warning regarding summary judgment as he prepares his opposition to any summary judgment motion:

> The defendants may make a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. [¶] Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. (See Rand v.

<u>Rowland</u>, 154 F.3d 952, 962-63 (9th Cir. 1998).

          c.      If defendants wish to file a reply brief, the reply brief must be filed and served no later than **November 7, 2008**.

4.      All communications by plaintiff with the court must be served on a defendant's counsel by mailing a true copy of the document to defendant's counsel. The court may disregard any document which a party files but fails to send a copy of to his opponent. Until a defendant's counsel has been designated, plaintiff may mail a true copy of the document directly to defendant, but once a defendant is represented by counsel, all documents must be mailed to counsel rather than directly to that defendant.

5.      Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

6.      Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

7.      Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to this court for consideration in this case.

8.      Plaintiff's motion to amend is DENIED. (Docket # 13.)

IT IS SO ORDERED.

Dated: July 1, 2008

_____
SUSAN ILLSTON
United States District Judge