UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIEL HERNANDEZ,<br><br>    Plaintiff,<br><br>  v.<br><br>SANTA CLARA COUNTY<br>SHERIFF'S DEPT.; et al.,<br><br>    Defendants.                / | No. C 06-6977 SI (pr)<br><br>**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT** |

## INTRODUCTION

Gabriel Hernandez, proceeding pro se, filed a civil rights complaint about conditions at the Santa Clara County Jail. The court found cognizable a due process claim based on Hernandez's allegations that he had been put in a single cell for two weeks as punishment while he was a pretrial detainee. The court ordered service of process on the two corrections officers (i.e., Taylor and Hendericks) who placed Hernandez is that cell, but only defendant Taylor has appeared in this action. Now before the court for consideration is Taylor's unopposed motion for summary judgment. For the reasons discussed below, the motion will be granted and judgment will be entered in favor of all defendants.

## BACKGROUND

The following facts are undisputed unless otherwise noted:

The acts and omissions that gave rise to this action took place while Hernandez was incarcerated at the Santa Clara County Jail.

Hernandez was placed in a single cell from December 11, 2005 through December 26, 2005. Complaint, p. 11. He alleged that he was "punished falsely." id.

Defendant Taylor presented evidence that Hernandez was "rehoused" in a different facility "based on his documented negative behavior," Beliveau Decl., ¶ 8. Taylor also presented evidence that he was a custodial officer who did not make that decision to move Hernandez to another facility.

Pursuant to court order that he clarify whether he was a pretrial detainee or a convict at the time of the placement in the single cell, Hernandez responded that he was a pretrial detainee in December 2005. Amendment To Complaint, rec'd. Jan. 14, 2008. In his deposition, however, Hernandez testified that he had not understood the distinction between pretrial detainees and convicts when he filed his amendment to complaint. He testified that he had been convicted, but indicated uncertainty as to whether that meant he was a pretrial detainee -- apparently because he was awaiting sentencing. Def. Req. For Jud. Notice, Exh. B, RT 44-46.[1]

When he was placed in the single cell in December 2005, Hernandez had been found guilty of several offenses, but had not yet been sentenced on those convictions. A jury had returned guilty verdicts on two felonies – inflicting corporal injury on the mother of his child and false imprisonment – on November 15, 2005. See Def. Req. For Judicial Notice, Exh. A-1 to A-3. The following day, November 16, 2005, several sentence enhancement allegations were found true in a bench trial. Id. at Exh. A-4. On February 1, 2006, Hernandez was sentenced to 25 years to life in prison. Id. at Exh. A-5 to A-6.

---

[1] Defendants submitted excerpts of the deposition transcript as an exhibit to a request for judicial notice. The request for judicial notice of the deposition transcript is denied. The deposition transcript and its contents are not facts "generally known within the territorial jurisdiction of the trial court" or "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Deposition transcripts are usually submitted as exhibits to authenticating declarations from counsel. Hernandez did not object the absence of authentication of the exhibits, however.

**VENUE AND JURISDICTION**

Venue is proper in the Northern District of California because the events or omissions giving rise to the claims occurred in Santa Clara County, which is located within the Northern District. See 28 U.S.C. §§ 84, 1391(b). This Court has federal question jurisdiction over this action brought under 42 U.S.C. § 1983. See 28 U.S.C. § 1331.

**LEGAL STANDARD FOR SUMMARY JUDGMENT**

Summary judgment is proper where the pleadings, discovery and affidavits show that there is "no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A court will grant summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial . . . since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). A fact is material if it might affect the outcome of the lawsuit under governing law, and a dispute about such a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

Generally, when a party challenges the merits of the opponent's claim, the moving party bears the initial burden of identifying those portions of the record which demonstrate the absence of a genuine issue of material fact. The burden then shifts to the nonmoving party to "go beyond the pleadings, and by his own affidavits, or by the 'depositions, answers to interrogatories, or admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex, 477 U.S. at 324 (citations omitted).

A verified complaint may be used as an opposing affidavit under Rule 56, as long as it is based on personal knowledge and sets forth specific facts admissible in evidence. See Schroeder v. McDonald, 55 F.3d 454, 460 & nn.10-11 (9th Cir. 1995) (treating plaintiff's verified complaint as opposing affidavit where, even though verification not in conformity with 28 U.S.C. § 1746, plaintiff stated under penalty of perjury that contents were true and correct,

1   and allegations were not based purely on his belief but on his personal knowledge).  The first
2   amended complaint is considered in deciding the summary judgment motion because it was
3   made under penalty of perjury.

4   The court's function on a summary judgment motion is not to make credibility
5   determinations or weigh conflicting evidence with respect to a disputed material fact. T.W. Elec.
6   Serv. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987).  The evidence must
7   be viewed in the light most favorable to the nonmoving party, and the inferences to be drawn
8   from the facts must be viewed in a light most favorable to the nonmoving party. See id. at 631.

## DISCUSSION

At the time he was placed in the single cell in December 2005, Hernandez had not been sentenced, although the jury had returned guilty verdicts on two offenses and the trial court had found true the sentence enhancements.  Hernandez is deemed to have been a convict for purposes of analyzing his § 1983 claim.  See Resnick v. Hayes, 213 F.3d 443, 448 (9th Cir. 2000) (plaintiff who had been convicted but not sentenced before being placed in SHU was to be treated as a convict instead of a pretrial detainee for purposes of analyzing whether he had a liberty interest in being free from such placement).  A convict's housing situation might possibly implicate either or both the Eighth Amendment's proscription of cruel and unusual punishment, and the Due Process Clause's requirement that procedural protections be afforded in connection with deprivations of certain liberty and property interests.

The court did not determine whether the complaint stated an Eighth Amendment claim, because the court was unaware that Hernandez was a convict at the time he was placed in the single cell.  However, the defendants would be entitled to judgment as a matter of law on an Eighth Amendment claim if the complaint had alleged one.  Hernandez has not presented any evidence that the conditions in the single cell where he was placed for fifteen days came anywhere near amounting to cruel and unusual punishment, so as to establish an Eighth Amendment violation. Cf. Madrid v. Gomez, 889 F.Supp. 1146, 1227-30, 1260-65 (N.D. Cal. 1995) (overall harsh conditions of Pelican Bay's SHU do not violate the Eighth Amendment for

4

the non-mentally ill inmates therein).

Hernandez's due process claim fares no better. Interests that are procedurally protected by the Due Process Clause may arise from two sources: the Due Process Clause itself and the laws of the states. See Meachum v. Fano, 427 U.S. 215, 223-27 (1976). In the prison context, these interests are generally ones pertaining to liberty. Changes in conditions so severe as to affect the sentence imposed in an unexpected manner implicate the Due Process Clause itself, whether or not they are authorized by state law. See Sandin v. Conner, 515 U.S. 472, 484 (1995) (citing Vitek v. Jones, 445 U.S. 480, 493 (1980) (transfer to mental hospital), and Washington v. Harper, 494 U.S. 210, 221-22 (1990) (involuntary administration of psychotropic drugs)). The decision to place Hernandez in a single cell did not involve a change so severe as to implicate the Due Process Clause itself.

Deprivations that are less severe or more closely related to the expected terms of confinement may also amount to deprivations of a procedurally protected liberty interest, provided that state statutes or regulations narrowly restrict[2] the power of prison officials to impose the deprivation and that the liberty in question is one of "real substance." See Sandin, 515 U.S. at 477-87. An interest of "real substance" will generally be limited to freedom from

---

[2] A state most commonly restricts the power of prison officials by establishing "substantive predicates" to govern official decisionmaking, i.e., "particularized standards or criteria to guide the [s]tate's decisionmakers," and then requiring, "in explicitly mandatory language," that if the substantive predicates are met, a particular outcome must follow. See Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 461-64 (1989).

There is some uncertainty as to whether Sandin has eliminated the requirement that state law narrowly restrict the power of prison officials to impose the deprivation and instead requires only that there be an interest of real substance to determine that an inmate has a right to due process before being deprived of that interest. See Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) ("focus of the liberty interest inquiry is whether the challenged condition imposes an atypical and significant hardship"); Duffy v. Riveland, 98 F.3d 447, 457 (9th Cir. 1996) (implying that Sandin reformulated working definition of liberty interest to include only "real substance" prong). While there may be some uncertainty as to whether the court needs to find mandatory language creating the liberty interest, there is no uncertainty at all that an atypical and significant hardship or an inevitable effect on the duration of a sentence must exist to find that a liberty interest is protected by the Due Process Clause. See, e.g., Wilkinson v. Austin, 545 U.S. 209, 223 (2005) ("After Sandin, it is clear that the touchstone of the inquiry into the existence of a protected, state-created liberty interest in avoiding restrictive conditions of confinement is not the language of regulations regarding those conditions but the nature of those conditions themselves 'in relation to the ordinary incidents of prison life.'")

restraint that imposes "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life" or "will inevitably affect the duration of [a] sentence." Sandin, 515 U.S. at 484, 487.

As a matter of law, Hernandez's stay in the single cell was too short in duration to amount be a deprivation of an interest of real substance. Fifteen days in a single cell or solitary confinement – with no evidence of any other hardships, such as serious deprivation of food or light -- is simply not an atypical and significant hardship on a convict. See Sandin, 515 U.S. at 485-86 (30-day disciplinary segregation was not an atypical and significant hardship); Mujahid v. Meyer, 59 F.3d 931, 932 (9th Cir. 1995) (under Sandin no liberty interest when inmate placed in disciplinary segregation for 14 days). Defendants are entitled to judgment as a matter of law on plaintiff's claim.

Finally, the court notes that only one of the two defendants has been served with process and appeared in this action. The court will not wait for the other defendant to be served with process because the liability analysis for him is exactly the same as for the appearing defendant: regardless of who caused him to be there, Hernandez's placement in a single cell for fifteen days in December 2005 did not violate his federal constitutional rights.

**CONCLUSION**

For the foregoing reasons, defendants are entitled to judgment as a matter of law against plaintiff. Defendant Taylor's motion for summary judgment is GRANTED. (Docket # 31.) Judgment will be entered in favor of all defendants and against plaintiff. The clerk shall close the file.

IT IS SO ORDERED.

Dated: June 2, 2009

_____
SUSAN ILLSTON
United States District Judge